**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

**v.**

**HEALTH CARE LOGISTICS, INC., Respondent.**

**Nos. 85–5207, 85–5276.**

United States Court of Appeals, Sixth Circuit.

July 10, 1986.

Before MERRITT and WELLFORD, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

## JUDGMENT

THIS CAUSE came on to be heard upon the application of the National Labor Relations Board for the enforcement of a certain order issued by it against the Respondent, Health Care Logistics, Inc., Circleville, Ohio, its officers, agents, successors, and assigns on 14 December 1984. The Court heard argument of respective counsel on 8 November 1985, and has considered the briefs and transcript of record filed in this cause. On 27 February 1986, 784 F.2d 232, the Court, being fully advised of the premises, handed down its opinion granting in part and denying in part enforcement of the Board's Order. In conformity therewith, it is hereby

ORDERED AND ADJUDGED by the Court that Respondent, Health Care Logistics, Inc., Circleville, Ohio, its officers, agents, successors, and assigns, shall:

1. Cease and desist from:

(a) Discouraging union activity or membership in the Union, or any other labor organization, by discharging or otherwise discriminating against its employees in any manner with respect to their tenure of employment or any term or condition of employment.

(b) In any like or related manner interfering with, restraining, or coercing its employees in the exercise of rights guaranteed them by Section 7 of the National Labor Relations Act (hereinafter called the Act).

2. Take the following affirmative action designed to effectuate the purposes of the Act:

(a) Offer to Jon B. Jacobs and Mark A. Cox immediate and full reinstatement to their former jobs or, if those jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or other rights or privileges, and make them whole for any loss of earnings they may have suffered by reason of their discriminatory discharge, in the manner set forth in the section of the Administrative Law Judge's Decision entitled "The Remedy."

(b) Remove from its files any reference to the terminations of Jon B. Jacobs and Mark A. Cook on November 8, 1983, and notify them in writing that this has been done and that evidence of these unlawful actions will not be used as a basis for future personnel actions against them.

(c) Preserve and, upon reasonable request, make available to the Board and its agents, for examination and copying, all payroll records and reports and all other backpay due under the terms of this Judgment.

(d) Post at its Circleville, Ohio offices and facilities, copies of the attached notice marked "Appendix." Copies of said notice, on forms provided by the Regional Director for Region 9 of the National Labor Relations Board (Cincinnati, Ohio), after being signed by Respondent's authorized agent, shall be posted by it immediately upon recepit thereof, and be maintained by it for 60 consecutive days thereafter, in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that there notices are not altered, defaced, or covered by other material.

(e) Notify the said Regional Director in writing, within 20 days from the date of this Judgment, what steps the Respondent has taken to comply herewith.

(f) The Respondent may present issues raised in its objections to this Judgment (as proposed by the Board) in a subsequent compliance hearing before the Board with respect to adjustments claimed due to changed circumstances.

## APPENDIX

### NOTICE TO EMPLOYEES

POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF APPEALS ENFORCING IN PART AND DENYING IN PART AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD

An Agency of the United
States Government

The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.

Section 7 of the Act gives employees these rights.

To organize

To form, join, or assist any union

To bargain collectively through representatives of their own choice

To act together for other mutual aid or protection

To choose not to engage in any of these protected concerted activities.

WE WILL NOT discharge or otherwise discriminate against any of you for supporting the United Steel Workers of America, or any other union.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.

WE WILL offer Jon B. Jacobs and Mark A. Cox immediate and full reinstatement to their former jobs or, if those jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights or privileges previously enjoyed and WE WILL make them whole for any loss of earnings and other benefits resulting from their discharge, less any net interim earnings, plus interest.

WE WILL remove from our files any reference to the terminations of Jon B. Jacobs and Mark A. Cox on 8 November 1983, and WE WILL notify them in writing that this has been done and that evidence of these unlawful actions will not be used as basis for future personnel actions against them.

HEALTH CARE LOGISTICS, INC.

————————————————
(Employer)

By ——————————————
(Representative)(Title)

Dated ————

This is an official notice and must not be defaced by anyone.

This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, Federal Office Building,

Room 3003, 550 Main Street, Cincinnati, Ohio 45202, Telephone 513—684—3663.