**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**January 29, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MAYELA GONZALEZ ANTUNEZ,

    Defendant - Appellant.

No. 25-2013
(D.C. No. 1:23-MJ-01312-KWR-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **EBEL**, and **EID**, Circuit Judges.
_____

Defendant Mayela Gonzalez Antunez challenges the criminal information

charging her with a misdemeanor violation of the Migratory Bird Treaty Act, 16

U.S.C. §§ 703–712, on the grounds that a significant delay in prosecuting her case

violated her Sixth Amendment rights to a speedy trial.  The other form of speedy trial

rights, statutory rights under the Speedy Trial Act, 18 U.S.C. §§ 3161–74, are not

implicated here because the Speedy Trial Act does not apply to misdemeanors, id.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 3172(2). For the purposes of our constitutional speedy trial analysis in this case, the length of delay was approximately fourteen months from when charges were filed against Antunez on August 21, 2023 to when Antunez's pre-trial motion to dismiss on speedy trial grounds was denied on November 8, 2024. The parties agree that this delay satisfies the one-year threshold to be presumptively prejudicial. Therefore, our review is limited to analyzing Antunez's claim under the four-part test set out in Barker v. Wingo, 407 U.S. 514, 530–33 (1972). Having considered the Barker factors, we conclude that the delay in prosecution did not violate Antunez's Sixth Amendment speedy trial rights. Accordingly, exercising jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM the denial of Antunez's motion to dismiss.

## I. BACKGROUND

On August 21, 2023, the United States filed a criminal information against Defendant Mayela Gonzalez Antunez in the District of New Mexico, charging her with a misdemeanor violation of the Migratory Bird Treaty Act for selling two $33 charms containing hummingbirds and hummingbird parts to an undercover fish and wildlife service officer at her shop in Santa Fe. After her initial appearance, the magistrate released her to the custody of her husband. Then, nothing happened in Antunez's case for over a year. The reason for this delay is not clear. Rather, "the case was somehow forgotten . . . ." (R. 24 (Mag. J. Order). at 4.) During this time, Antunez could only leave Santa Fe County for court appearances in Albuquerque, was subject to a probation officer's supervision, and was subject to drug and alcohol testing and counseling, though it is unclear why.

2

At her arraignment, Antunez pled not guilty, and the magistrate judge scheduled a bench trial for November 20, 2024.  Prior to the trial date, Antunez filed a motion to dismiss the information, arguing that the fourteen-month delay after charges were filed in August 2023 violated her Sixth Amendment rights.  The magistrate judge denied the motion on November 8, 2024, at which point Antunez pled guilty, reserving her right to appeal the denial of her motion to dismiss.

The Sixth Amendment guarantees "the right to a speedy . . . trial" in criminal prosecutions.  U.S. Const. amend. VI.  We review Sixth Amendment speedy trial claims de novo, United States v. Black, 830 F.3d 1099, 1111 (10th Cir. 2016), under the test set out in Barker v. Wingo.  407 U.S. at 530–33.  First, however, the defendant must establish a presumptively prejudicial delay of "approaching one year."  United States v. Medina, 918 F.3d 774, 780 (10th Cir. 2019) (citation omitted).  For the purposes of calculating this delay, the clock starts at the time of "either a formal indictment or information or else the actual restraints imposed by arrest," United States v. Marion, 404 U.S. 307, 320 (1971), whichever happens first.  Medina, 918 F.3d at 779.  And the clock runs until the trial date, id. at 780, or, as relevant here, the date the pre-trial motion to dismiss on these grounds was denied.  See United States v. Villareal, 613 F.3d 1344, 1350 (11th Cir. 2010) (quoting 5 Wayne R. LaFave, et al., Criminal Procedure § 18.2(b) (3d ed. Thomson/West 2007)).  Once a presumptively prejudicial delay is established, we then engage in a four-factor balancing test to determine whether the defendant's Sixth Amendment rights were violated: 1) the length of the delay, 2) the reason for the delay, 3) the

3

defendant's assertion of her right to a speedy trial, and 4) any prejudice to the defendant.  Barker, 407 U.S. at 530–33.  None of the four factors are determinative, United States v. Seltzer, 595 F.3d 1170, 1176 (10th Cir. 2010), and this is not a strictly numerical inquiry.  Rather, all factors are considered in the relevant context to determine if the defendant's rights were contravened.  Id.

## II. DISCUSSION

Given the passage of fourteen months between filing the information on August 21, 2023 and the denial of Antunez's motion to dismiss on November 8, 2024, there was a presumptively prejudicial delay, and we proceed to Barker's four-factor balancing test.  We conclude that, though some factors weigh in Antunez's favor, the balancing test suggests the delay in prosecuting this case did not violate Antunez's Sixth Amendment rights.

The first factor, the length of delay, weighs in Antunez's favor.  The more than fourteen-month delay between Antunez's charge and denial of her motion to dismiss is significant.  That said, it is only two months longer than the "approaching one year" threshold that triggers the balancing.  See Black, 830 F.3d at 1111–12 (considering "the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination").  Though Antunez asserts that the delay between the illicit sale and filing of charges also weighs in her favor,[1] she

---

[1] The illicit sale for which Antunez was charged took place in June 2019. More than four years elapsed between the sale and the filing of charges.  Antunez concedes that the charges were still filed within the statute of limitations, though, and this issue is not before us.

acknowledges that speedy trial rights only attach, and the Barker test only considers delays, after the information was filed.  See United States v. Lewis, 116 F.4th 1144, 1161 (10th Cir. 2024).

The second factor, the reason for delay, also weighs in Antunez's favor, but not heavily.  The magistrate judge noted that the charge at issue was not "terribly complex or unusual," and likely did not "require significant time to prepare."  (R. 24 at 4.)  But the magistrate judge attributed this delay to "the United States' poor case management."  Id.  We have recognized that "[n]ot all reasons for delay are weighed the same."  Lewis, 116 F.4th at 1155 (quoting United States v. Margheim, 770 F.3d 1312, 1326 (10th Cir. 2014)).  Delays that are "purposeful" or "to gain advantage" weigh more heavily towards finding a constitutional violation than those caused by "[a] more neutral reason such as negligence."  United States v. Gould, 672 F.3d 930, 937 (10th Cir. 2012) (quoting Barker, 407 U.S. at 531).  As the parties agree that this delay is best categorized as the product of negligence, it does not carry as much force towards finding a Sixth Amendment violation as a deliberate delay.

The third factor, when and how the defendant asserted her speedy trial rights, weighs against finding a constitutional violation.  "For this factor, we assess 'whether the defendant "actively" asserted h[er] right, which requires more than merely "moving to dismiss after the delay has already occurred."'"  United States v. Keith, 61 F.4th 839, 853 (10th Cir. 2023) (quoting United States v. Koerber, 10 F.4th 1083, 1110 (10th Cir. 2021)).  Here, Antunez did not do anything to assert her speedy trial right until moving to dismiss after the trial date was set.  "At bottom, we must

5

measure 'whether the defendant's behavior during the course of litigation evinces a desire to go to trial.'" Id. (quoting Koerber, 10 F.4th at 1110). Here, there is no indication that Antunez wanted, nor requested, a speedier trial.

The fourth factor, prejudice to the defendant, also weighs against finding a Sixth Amendment violation. The purposes of this factor are to 1) prevent oppressive pretrial incarceration, 2) minimize a defendant's anxiety and concern while awaiting trial, and 3) limit any impairment to the defendant's defense. Barker, 407 U.S. at 532. Here, Antunez was not incarcerated during the pendency of her case. To be sure, she was subjected to pre-trial conditions that appear unwarranted under the circumstances—the travel restrictions and drug and alcohol monitoring—but these do not rise to the level of incarceration. See Barker, 407 U.S. at 532–33 (explaining "disadvantages of lengthy pretrial incarceration" for defendants). Antunez also has not alleged any "specifics" supporting her alleged anxiety brought on by the delay in her case. See Keith, 61 F.4th at 854 (highlighting the absence of "specific facts" such as "taking anxiety and depression medications" to support "general" assertion of anxiety). Here, while Antunez claims that she "was still under the anxiety and concern of facing six months of incarceration," she concedes "there is not a specific finding" to support that claim. (Aplt. Br. 11.) Finally, Antunez has not alleged that the delay impaired her ability to prepare or present her defense. Therefore, we do not see any basis for finding particular prejudice resulting from the delay.

Balancing each of these factors, we conclude that the delay did not violate Antunez's Sixth Amendment rights. The first two factors weigh slightly in her favor,

6

but the latter two factors point more strongly to the contrary. "Absent extraordinary circumstances, Barker counsels us not to find a violation of the right to a speedy trial when the defendant's actions indicate [s]he had no desire for a speedy trial." United States v. Batie, 433 F.3d 1287, 1293 (10th Cir. 2006). Likewise, we have been "reluctan[t] to find a speedy trial deprivation where there is no prejudice." Gould, 672 F.3d at 939 (quoting Perez v. Sullivan, 794 F.2d 249, 256 (10th Cir. 1986)). Without any indication that Antunez sought a speedier trial or that she was prejudiced by the delay, we agree with the district court that the delay did not violate Antunez's Sixth Amendment rights. We, therefore, AFFIRM Antunez's conviction.

Entered for the Court


David M. Ebel
Circuit Judge

7